IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID W. THAYER,

    **Plaintiff,**

    v.                                                                                                                             CASE NO. 24-3043-JWL

LAURA HOWARD, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff resides in the inpatient housing at the Larned State Hospital in Larned, Kansas ("LSH") in the Kansas Sexual Predator Treatment Program ("SPTP"). The Court granted Plaintiff leave to proceed in forma pauperis. On April 26, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") granting Plaintiff until May 24, 2024, in which to show good cause why this action should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

    Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the Court's MOSC. In summary, Plaintiff alleges violations of his right to practice his religion in violation of the First Amendment, Kan. Stat. Ann. 59-29a22(b)(8), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. 1, at 9.)

    The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on March 25, 2024. Plaintiff's claims are based on incidents occurring in 2018, 2020 and 2021. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of

Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling. The Court ordered Plaintiff to show good cause why his claims should not be dismissed as barred by the statute of limitations.

The Court also found in the MOSC that Plaintiff raised the same claims in a case previously pending in this Court. In *Thayer v. Howard*, Case No. 22-3086-DDC, the Court entered a Memorandum and Order on April 8, 2024, disposing of all claims in the case. The Court found in the MOSC that even if Plaintiff's claims were not barred by the statute of limitations, they may be subject to collateral estoppel based on his prior case. In addition, "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).

The MOSC ordered Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC, and provided that "[f]ailure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim." (Doc. 8, at 14.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** as barred by the statute of limitations.

**IT IS SO ORDERED**.

**Dated May 31, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
